# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

ALEXANDER S. WILLIAMS

     *Plaintiff*

v.                                                              Civil Action No. 3:15-CV-185-JGH
                                                                *Electronically Filed*

CHRISTOPHER DRUMRIGHT

     Serve:  Officer Christopher Drumright
              Louisville Metro Police
              633 W. Jefferson Street
              Louisville, KY 40202

DEARIS HOARD

     Serve:  Officer Dearis Hoard
              Louisville Metro Police
              633 W. Jefferson Street
              Louisville, KY 40202

SHAUN ERIE

     Serve:  Officer Shaun Erie
              Louisville Metro Police
              633 W. Jefferson Street
              Louisville, KY 40202

JEREMY VANDEVER

     Serve:  Officer Jeremy Vandever
              Louisville Metro Police
              633 W. Jefferson Street
              Louisville, KY 40202

JORDAN MURPHY

     Serve:  Officer Jordan Murphy
              Louisville Metro Police
              633 W. Jefferson Street
              Louisville, KY 40202

DANIEL ZUMMACH

    Serve:  Officer Daniel Zummach
          Louisville Metro Police
          633 W. Jefferson Street
          Louisville, KY 40202

JOSEPH NETT

    Serve:  Officer Joseph Nett
          Louisville Metro Police
          633 W. Jefferson Street
          Louisville, KY 40202

STEVE CONRAD

    Serve:  Chief Steve Conrad
          Louisville Metro Police
          633 W. Jefferson Street
          Louisville, KY 40202

UNKNOWN OFFICERS, INDIVIDUALLY AND
IN THEIR CAPACITIES AS OFFICERS OF THE
LOUISVILLE METRO POLICE DEPARTMENT

    Serve:  Chief Steve Conrad
          Louisville Metro Police
          633 W. Jefferson Street
          Louisville, KY 40202

LOUISVILLE METRO POLICE DEPARTMENT

    Serve:  Chief Steve Conrad
          Louisville Metro Police
          633 W. Jefferson Street
          Louisville, KY 40202

GREG FISCHER

    Serve:  Mayor, Louisville Jefferson
          County Metro Government
          527 W. Jefferson Street
          4th Floor
          Louisville, KY 40202

LOUISVILLE JEFFERSON COUNTY METRO
GOVERNMENT

> Serve:  Hon. Mike O'Connell
>              Louisville Jefferson County
>                 Metro Government Attorney
>              Jefferson Hall of Justice
>              600 West Jefferson Street
>              Louisville, KY 40202
>              *Defendants*

---

## COMPLAINT

---

Plaintiff, Alexander S. Williams, for his Complaint against the Defendants, states as follows:

### PARTIES

1.      Plaintiff is an individual residing in Louisville, Kentucky.

2.      Defendant Officer Christopher Drumright is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

3.      Defendant Officer Dearis Hoard is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

4.      Defendant Officer Shaun Erie is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within

the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

5.      Defendant Officer Jeremy Vandever is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

6.      Defendant Officer Jordan Murphy is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

7.      Defendant Officer Daniel Zummach is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

8.      Defendant Officer Joseph Nett is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

9.      Defendant Chief of Police, Steve Conrad, is and was at all times relevant hereto the Chief of Police of the Louisville Metro Police Department and was responsible for the promulgation and implementation of police policies, procedures and practices within the Louisville Metro Police Department.

10.     Defendants Unknown Officers of the Louisville Metro Police Department were at all times relevant hereto employees of the Louisville Metro Police Department acting under color of law and within the scope of their respective employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

11.     Defendant Mayor Greg Fischer is and was at all times relevant hereto the duly-elected Mayor of the Louisville Jefferson County Metro Government and as such was responsible for the promulgation and implementation of the policies, procedures, and practices of the Louisville Metro Police Department.

12.     Defendant Louisville Jefferson County Metro Government is and was at all times relevant hereto a municipal corporation duly organized under Kentucky law with capacity to sue and be sued and, as such, was and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants, Officer C. Drumright, Chief of Police, Steve Conrad, Mayor Greg Fischer, and as yet unnamed officers of the Louisville Metro Police Department.

13.     Plaintiff sues all public employee Defendants in their official and individual capacities except where specified otherwise.

JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a)(3) as the federal claims are brought under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

15.     Venue properly lies in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to claims asserted herein occurred in this district.

FACTS

16.    On the evening of March 5, 2014, at approximately 8:21:40pm Louisville Metro Police received an anonymous call from a female resident at 1228 S Brook Street, regarding a noise complaint within her apartment building.

17.    Plaintiff lives at 1228 S Brook Street, Apartment #6, and was at home at the time playing video games with his brother and two cousins.  None of the occupants of the apartment were committing any crimes.

18.    At approximately 8:22:35pm, Louisville Metro Police received a call from an anonymous male caller, also residing at 1228 S Brook Street, reporting that he heard two gunshots on the ground floor of the apartment building.

19.    The male caller stated that he heard 2-3 males arguing upstairs prior to the gunshots.

20.    The male caller stated that he heard rustling in the upper floors of the apartment building.

21.    The male caller also reported that he heard gun shots, an hour earlier outside.

22.    At approximately the same time, at 8:22:31pm, Louisville Metro Police received a call reporting two gun shots fired in front of 1243 Brook Street.

23.    A few minutes later, Louisville Metro Police Department received a second call regarding two gun shots fired in the 1200 block of South Brook Street, coming from the direction of "Smurf Village," which the caller described as an apartment building.

24.    Louisville Metro Police, received a second call from the anonymous female caller regarding the noise complaint.

25.    The 911 operator informed the female caller that there had been gun shots reported and the caller did not report having heard any gunshots.

26.    The female caller reported that the arguing was coming from Apartment #6.

27.    Louisville Metro Police received another call regarding the noise complaint for Apartment #6 from an anonymous female caller.

28.    The female caller complained that the men in Apartment #6 were arguing and threatening each other and that one of them was trying to calm the others down.

29.    The female caller stated that the police were at the building, but she was afraid that the men might run out the apartment's back door.

30.    Officers Hoard, Drumright, Erie, Vandever, Murphy, Zummach, and Nett, and Unknown Officers of Louisville Metro Police Department (collectively, the "Defendant Officers") arrived shortly after the multiple 911 calls.

31.    Defendant Officers knocked on the Plaintiff's apartment door, but did not announce themselves as police officers.

32.    When Plaintiff opened his apartment door, the Defendant Officers initiated contact with the Plaintiff.

33.    The Defendant Officers immediately pulled the Plaintiff through his doorway and took the Plaintiff to the ground.

34.    Once on the ground, the Defendant Officers, physically restrained, struck, and handcuffed the Plaintiff.

35.    The Defendant Officers immediately entered the Plaintiff's apartment and proceeded to quickly take down, strike, and hand cuff Plaintiff's three house guests.

36.    Plaintiff, nor his house guests, were aware that the men storming into Plaintiff's apartment and knocking at the door were police officers.

37.    Plaintiff nonetheless, did not make, or attempt to make, physical contact with the Defendant Officers.

38.    Once everyone in Plaintiff's home was restrained in handcuffs, the Defendant Officers proceeded to search the Plaintiff's apartment without a search warrant or consent.

39.    Defendant Officers detained the Plaintiff and his house guests.

40    Defendant Officers refused to inform Plaintiff why he was being detained.

41.    Defendant Officers refused to inform Plaintiff why he was being searched.

42.   Defendant Officers refused to inform Plaintiff why his home was being searched.

43.   The Defendant Officers found no illegal contraband or weapons in the Plaintiff's home.

44.   The Defendant Officers found no illegal contraband or weapons on the person of the Plaintiff.

45.   The Defendant Officers found no illegal contraband or weapons on the person of any of Plaintiff's house guests.

46.   The Defendant Officers then arrested Plaintiff for Obstructing Governmental Operations and Second-Degree Disorderly Conduct.

47.   The Defendant Officers used excessive and unreasonable force in affecting the arrest of Plaintiff.

48.   The conduct of the Defendant Officers was unreasonable, unlawful and unjustified.

49.   The Defendant Officers did not have a warrant to arrest the Plaintiff or anyone in his home.

50.   The Defendant Officers did not have a search warrant for the Plaintiff's residence.

COUNT I

*Violation of 42 U.S.C. § 1983 – Unlawful Search and Seizure*

51.   Paragraphs 1 through 50 above are hereby incorporated by reference and made part of this paragraph.

52.   At all times relevant hereto, Plaintiff possessed a right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures and to be secure in his person, personal effects, and property.

53.    At all times relevant hereto, Plaintiff possessed a right under the Fifth and Fourteenth Amendments to the United States Constitution to be free from deprivation of their liberty or property without due process of law.

54.    Under color of law, the Defendant Officers denied Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other federal law, to wit:

(a)    by conducting an unreasonable search and seizure of Plaintiff and his home without due process of law;

(b)    by unlawfully seizing the Plaintiff and holding him against his will, thereby depriving him of liberty without due process of law;

(c)    by conspiring with the purpose of impeding or hindering the due course of justice, with the intent to deny Plaintiff equal protection of the law.

(d)    by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving him of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

55.    As a result of the concerted unlawful and malicious arrest by Defendant Officers, Plaintiff was deprived of liberty without due process of law and in violation of his right to equal protection under the laws, and that the due course of justice was impeded in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

56.    The conduct of Defendant officers violates clearly established constitutional rights of which a reasonable officer would have known.

57.    In the alternative, and without waiving the foregoing, the search and seizure of the Plaintiff and his home constituted a reckless and/or callous indifference to Plaintiff's federally protected rights.

58.    Defendants Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer have adopted policies, practices, or customs within the Louisville Metro Police Department that allow, among other things, the unlawful search and seizure of persons and property without sufficient grounds therefor.

59.    Defendants Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer negligently trained and/or supervised the Defendant Officers regarding proper search and seizure policies and procedures.

60.    Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are also liable under the doctrine of *respondeat superior*.

COUNT II

*Violation of 42 U.S.C. § 1983 – Unlawful Detention and Confinement*

61.   Plaintiff incorporates by reference Paragraphs 1 through 41 as if alleged fully herein.

62.   As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff, Defendant Officers deprived Plaintiff of liberty without due process of law and their right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

63.   The conduct of Defendant Officers violates clearly established constitutional rights of which a reasonable officer would have known.

64.   In the alternative, and without waiving the foregoing, the aforementioned detention and confinement of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

65. Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer have adopted policies, practices, or customs within the Louisville Metro Police Department that allow, among other things, the unlawful detention and confinement without sufficient grounds therefor.

66.   Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer negligently trained and/or

10

supervised Defendant Officers regarding proper detention and confinement policies and procedures.

67.   Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are also liable under the doctrine of *respondeat superior*.

COUNT III
*Violation of 42 U.S.C. § 1983 – Excessive Force*

68.   Plaintiff incorporates by reference Paragraphs 1 through 67 as if alleged fully herein.

69.   Defendant Officers under color of law used unreasonable force on Plaintiff for the purpose of affecting his seizure and confinement, and not as part of a good faith effort to maintain order.

70.   Defendant Officers actions, with deliberate indifference and gross negligence, worked a denial of Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other federal law by depriving Plaintiff without due process of law of the right to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of the Civil Rights Act of 1871, and 42 U.S.C. § 1983.

71.   The conduct of Defendant Officers violates clearly established constitutional rights of which a reasonable officer would have known.

72.   In the alternative, and without waiving the foregoing, the aforementioned use of excessive force and unreasonable seizure of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

73.   Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer have adopted policies, practices, or customs within the Louisville Metro Police Department that allow, among other

things, the use of excessive force when other more reasonable and less drastic measures are available.

74.   Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer negligently trained and/or supervised Defendant Officers regarding proper use of force and seizure policies and procedures.

75.   The actions of Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer amount to deliberate indifference to the rights of Plaintiff to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

76.   Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are also liable under the doctrine of *respondeat superior*.

COUNT IV
*Violation of 42 U.S.C. § 1983 – Infliction of Cruel and Unusual Punishment*

77.   Plaintiff incorporates by reference Paragraphs 1 through 76 as if alleged fully herein.

78.   At all times relevant hereto, the conduct of all Defendants were subject to 42 U.S.C. §1983.

79.   The injuries inflicted upon Plaintiff during the time period described herein were sufficiently serious to qualify as a violation of the Eighth Amendment to the United States Constitution.

80.   Defendant Officers under color of law and with deliberate indifference and gross negligence worked a denial of the Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other federal law by depriving Plaintiff without due

process of law of the right to be free from cruel and unusual punishment under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and in violation of the Civil Rights Act of 1871, and 42 U.S.C. §1983.

81.   Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are also liable under the doctrine of *respondeat superior*.

COUNT V

*Violation of 42 U.S.C. § 1983 – Refusing or Neglecting to Prevent Harm*

82.   Plaintiff incorporates by reference Paragraphs 1 through 81 as if alleged fully herein.

83.   At all times relevant to this Complaint, Defendant Officers, as duly appointed officers of the Louisville Jefferson County Metro Government, were acting under the direction and control of the Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer.

84.   Acting under color of law and pursuant to official policy or custom Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer, knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, discipline on a continuing basis, and/or implement appropriate policy or procedure guiding, Defendant Officers in their duties to refrain from:

(a)   unlawfully and maliciously harassing citizens who were acting in accordance with their constitutional and statutory rights, privileges, and immunities; and/or

(b)   unlawfully conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the United States Constitution and laws of the United States and laws of the Commonwealth of Kentucky; and/or

(c)   callously or recklessly disregarding Plaintiff's Constitutional rights by seizing and detaining Plaintiff's person in which he possessed a reasonable expectation of privacy without the authorization of a warrant and/or valid probable cause; and/or

13

(d)    callously or recklessly disregarding Plaintiff's Constitutional rights by effectuating a seizure of Plaintiff without sufficient probable cause to believe that Plaintiff had committed or was in the process of committing a crime;

(e)    callously or recklessly disregarding Plaintiff's Constitutional rights by effectuating a seizure of Plaintiff by use of excessive force where less severe alternatives existed; and/or

(f)    otherwise depriving Plaintiff of his Constitutional and statutory rights, privileges, and immunities.

85.  Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs done, as heretofore alleged, were about to be committed.

86.  Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence, failed or refused to do so.

87.  Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant Officers heretofore described.

88.  As a direct and proximate cause of the negligent and intentional acts of Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer as set forth above, Plaintiff suffered humiliation, loss of income, physical injury, severe emotional distress and severe mental anguish in connection with the deprivation of their constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

COUNT VI
*Violation of 42 U.S.C. § 1983 – Refusing or Neglecting to Prevent Harm*

89.  Plaintiff incorporates by reference Paragraphs 1 through 88 as if alleged fully herein.

90.  At all times relevant hereto, (a) the Defendants acted with the intention of confining the Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) the Plaintiff were conscious of the confinement.

91.  Said restraint was wrongful, improper, and without a claim of reasonable justification, authority or privilege.

92.  As a direct and proximate result of the conduct of the Defendants, the Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

93.  The actions of the Defendants in falsely imprisoning the Plaintiff justify punitive damage awards against said Defendants.

94.  Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are liable under the doctrine of *respondeat superior*.

COUNT VII
*Assault*

95.  Plaintiff incorporates by reference Paragraphs 1 through 94 as if alleged fully herein.

96.  The actions of Defendant Officers constituted unlawful acts which placed Plaintiff in reasonable apprehension of receiving an immediate battery.

97.  As a direct and proximate result of the conduct of the Defendant Officers, the Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

98.  The actions of Defendant Officers in assaulting the Plaintiff justify an award of punitive damages against Defendants.

99.   Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are liable under the doctrine of *respondeat superior*.

COUNT VIII
*Battery*

100.      Plaintiff incorporates by reference Paragraphs 1 through 99 as if alleged fully herein.

101.      Without the consent of Plaintiff, the Defendant Officers intentionally, harmfully, and offensively touched Plaintiff including, but not limited to, the following contact: taking him to the ground, and applying unreasonable and unnecessary force to his person.

102.      Without the consent of Plaintiff, at least one of the Defendant Officers intentionally, harmfully, and offensively touched Plaintiff by knocking him to the ground and injuring him.

103.      As a direct and proximate result of the conduct of the Defendant Officers, Plaintiff suffered bodily injuries arising directly from the fall and from the beating. As a consequence, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

104.      The actions of Defendant Officers in battering the Plaintiff justify an award of punitive damages.

105.      Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are liable under the doctrine of *respondeat superior*.

COUNT IX
*Negligence*

106.     Plaintiff incorporates by reference Paragraphs 1 through 105 as if alleged fully herein.

107.     Defendant Officers owed a duty of care to the Plaintiff to follow the proper police policies, procedures, and techniques, and to act as reasonable police officers would act under the same circumstances to ensure the Plaintiff's safety.

108.     Defendant Officers breached this duty of care by failing to follow standard police procedures, and/or failing to act as reasonable police officers under the same or similar circumstances.

109.     Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer owed a duty of care to hire, train, and supervise the Defendant Officers during or participating in the search, seizure, detention, false imprisonment, assault or battery of Plaintiff and to take steps to prevent events such as occurred here.

110.     Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer breached this duty of care by failing to ensure the Defendant Officers' conduct met the standard of ordinary police officers.

111.     The breach of duty by the Defendant Officers was the actual and proximate cause of the injuries Plaintiff sustained and from which he continues to suffer.

112.     Plaintiff suffered damages as a result of the injury inflicted by the Defendant Officers.

113.     Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are liable under the doctrine of *respondeat superior*.

Count X
*Gross Negligence*

114.     Plaintiff incorporates by reference Paragraphs 1 through 113 as if alleged fully herein.

115.     Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer owed a duty of care to hire, train, and supervise the Defendant Officers, and to take steps to prevent events such as occurred here.

116.     Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer breached this duty by failing to exercise even slight care to when hiring, training, and/or supervising the Defendant Officers.

117.     Defendants Officers owed a duty of care to Plaintiff to follow the proper police policies, procedures, and techniques, and to act as reasonable police officers under the same circumstances to ensure the Plaintiff's safety.

118.     Defendants Officers breached this duty by failing to exercise even slight care, and acted in a manner consistent with wanton or reckless disregard for the life and safety of Plaintiff.

119.     Defendants' breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

120.     Said breach of duty by all Defendants was the actual and proximate cause of the injuries sustained by Plaintiff.

121.     Plaintiff suffered damages as a result of the breach by all Defendants.

122.     Defendants Louisville Jefferson County Metro Government, Louisville Metro Police Department, Chief Steve Conrad, and Mayor Greg Fischer are liable under the doctrine of *respondeat superior*.

*WHEREFORE*, Plaintiff demands judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum.

DAMAGES

123.     Plaintiff incorporates by reference Paragraphs 1 through 122 as if alleged fully herein.

124.     Plaintiff's physical, mental and emotional anguish and pain and suffering were unnecessary and preventable. Plaintiff is entitled to recover for the wanton and unnecessary pain and suffering they endured. Defendants' violations of Plaintiff's constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for Plaintiff's rights, entitling him to recover punitive damages and attorney's fees from Defendants in order to deter such conduct in the future.

WHEREFORE, the Plaintiff, Alexander S. Williams, respectfully demands as follows:

A.   Judgment against the Defendants, in a sum reasonably calculated to compensate the Plaintiff for his injuries and damages, including, but not limited to, recovery for physical, mental and emotional distress, and reimbursement for legal fees in prosecuting this case as a result of the Defendants' actions, pre- and post- judgment interest, costs, attorneys' fees;

B.   Punitive damages;

C.   Trial by jury;

D.   For any and all other relief the Court may deem appropriate.

Respectfully submitted,

*s/ Joshua D Farley*
Joshua D Farley
MURPHY & ASSOCIATES PLC
455 South Fifth Street, Suite 1250
Louisville, Kentucky 40202

Tel 502 473-6464
Fax 502 473-6462
jdf@louisvillefirm.com

  and

GREGORY DEAN SIMMS
Murphy & Associates plc
455 South Fifth Street, Suite 1250
Louisville, Kentucky 40202
Tel 502 473-6464
Fax 502 473-6462
gds@louisvillefirm.com