UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CASE ACTION NO. 3:15-CV-185-TBR
*Electronically filed*

ALEXANDER S. WILLIAMS        PLAINTIFF

vs.

CHRISTOPHER DRUMRIGHT; DEARIS HOARD;
SHAUN ERIE; AND JORDAN SETTLE        DEFENDANTS

## SECOND AMENDED COMPLAINT

Plaintiff, Alexander S. Williams, for his Second Amended Complaint against the Defendants, states as follows:

**PARTIES**

1. Plaintiff is an individual residing in Louisville, Kentucky.

2. Defendant Officer Christopher Drumright is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

3. Defendant Officer Dearis Hoard is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

4. Defendant Officer Shaun Erie is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the

scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

5. Defendant Officer Jordan Settle is and was at all times relevant hereto an employee and officer of the Louisville Metro Police Department acting under color of law and within the scope of his employment with the Louisville Jefferson County Metro Government and the Louisville Metro Police Department.

6. Plaintiff's claims are brought against each Defendant in their individual capacities only.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a)(3) as the federal claims are brought under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to claims asserted herein occurred in this district.

## FACTS

9. On the evening of March 5, 2014, at approximately 8:21:40pm Louisville Metro Police received an anonymous call from a female resident at 1228 S. Brook Street, regarding a noise complaint within her apartment building.

10. Plaintiff lives at 1228 S Brook Street, Apartment #6, and was at home at the time playing video games with his brother and two cousins. None of the occupants of the apartment were committing any crimes.

11. At approximately 8:22:35pm, Louisville Metro Police received a call from an anonymous male caller, also residing at 1228 S. Brook Street, reporting that he heard two gunshots on the ground floor of the apartment building.

12. The male caller stated that he heard 2-3 males arguing upstairs prior to the gunshots.

13. The male caller stated that he heard rustling in the upper floors of the apartment building.

14. The male caller also reported that he heard gun shots an hour earlier outside.

15. At approximately the same time, at 8:22:31pm, Louisville Metro Police received a call reporting two gun shots fired in front of 1243 Brook Street.

16. A few minutes later, Louisville Metro Police Department received a second call regarding two gun shots fired in the 1200 block of South Brook Street, coming from the direction of "Smurf Village," which the caller described as an apartment building.

17. Louisville Metro Police received a second call from the anonymous female caller regarding the noise complaint.

18. The 911 operator informed the female caller that there had been gun shots reported and the caller did not report having heard any gunshots.

19. The female caller reported that the arguing was coming from Apartment #6.

20. Louisville Metro Police received another call regarding the noise complaint for Apartment #6 from an anonymous female caller.

21. The female caller complained that the men in Apartment #6 were arguing and threatening each other and that one of them was trying to calm the others down.

22. The female caller stated that the police were at the building, but she was afraid that the men might run out the apartment's back door.

23. The Defendants Hoard, Drumright, Erie and Settle (collectively, the "Defendant Officers") arrived shortly after the multiple 911 calls.

24. Defendant Officers knocked on the Plaintiff's apartment door, but did not announce themselves as police officers.

25. When Plaintiff opened his apartment door, the Defendant Officers initiated contact with the Plaintiff.

26. The Defendant Officers immediately pulled the Plaintiff through his doorway and took the Plaintiff to the ground.

27. Once on the ground, the Defendant Officers, physically restrained, used force upon, and handcuffed the Plaintiff.

28. The Defendant Officers immediately entered the Plaintiff's apartment and proceeded to quickly take down, strike, and handcuff Plaintiff's three house guests.

29. Plaintiff, nor his house guests, were aware that the men storming into Plaintiff's apartment and knocking at the door were police officers.

30. Plaintiff nonetheless, did not make, or attempt to make, physical contact with the Defendant Officers.

31. Once everyone in Plaintiff's home was restrained in handcuffs, the Defendant Officers proceeded to search the Plaintiff's apartment without a search warrant or consent.

32. Defendant Officers detained the Plaintiff and his house guests.

33. Defendant Officers refused to inform Plaintiff why he was being detained.

34. Defendant Officers refused to inform Plaintiff why he was being searched.

35. Defendant Officers refused to inform Plaintiff why his home was being searched.

36. The Defendant Officers found no illegal contraband or weapons in the Plaintiff's home.

37. The Defendant Officers found no illegal contraband or weapons on the person of the Plaintiff.

38. The Defendant Officers found no illegal contraband or weapons on the person of any of Plaintiff's house guests.

39. The Defendant Officers then arrested Plaintiff for Obstructing Governmental Operations and Second-Degree Disorderly Conduct.

40. The conduct of the Defendant Officers was unreasonable, unlawful and unjustified.

41. The Defendant Officers did not have a warrant to arrest the Plaintiff or anyone in his home.

42. The Defendant Officers did not have a search warrant for the Plaintiff's residence.

## COUNT I

*Violation of 42 U.S.C. § 1983 – Unlawful Search and Seizure*

43. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

44. At all times relevant hereto, Plaintiff possessed a right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures and to be secure in his person, personal effects, and property.

45. At all times relevant hereto, Plaintiff possessed a right under the Fifth and Fourteenth Amendments to the United States Constitution to be free from deprivation of their liberty or property without due process of law.

46. Under color of law, the Defendant Officers denied Plaintiff's rights, privileges, and/or immunities secured by the United States Constitution or other federal law, to wit:

(a) by conducting an unreasonable search and seizure of Plaintiff and his home without due process of law;

(b) by unlawfully seizing the Plaintiff and holding him against his will, thereby depriving him of liberty without due process of law;

(c) by conspiring with the purpose of impeding or hindering the due course of justice, with the intent to deny Plaintiff equal protection of the law; and

(d) by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving him of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

47. As a result of the concerted unlawful and malicious arrest by Defendant Officers, Plaintiff was deprived of liberty without due process of law and in violation of his right to equal protection under the laws, and that the due course of justice was impeded in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

48. The conduct of Defendant Officers violates clearly established constitutional rights of which a reasonable officer would have known.

49. In the alternative, and without waiving the foregoing, the search and seizure of the Plaintiff and his home constituted a reckless and/or callous indifference to Plaintiff's federally protected rights.

## COUNT II

*Violation of 42 U.S.C. § 1983 – Unlawful Detention and Confinement*

50. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

51. As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff, Defendant Officers deprived Plaintiff of liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

52. The conduct of Defendant Officers violates clearly established constitutional rights of which a reasonable officer would have known.

53. In the alternative, and without waiving the foregoing, the aforementioned detention and confinement of the Plaintiff constituted a reckless and/or callous indifference to the Plaintiff's federally protected rights.

## COUNT III

*Negligence*

54. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

55. Defendant Officers owed a duty of care to the Plaintiff to follow the proper police policies, procedures, and techniques, and to act as reasonable police officers would act under the same circumstances to ensure the Plaintiff's safety.

56. Defendant Officers breached this duty of care by failing to follow standard police procedures, and/or failing to act as reasonable police officers under the same or similar circumstances.

57. The breach of duty by the Defendant Officers was the actual and proximate cause of the injuries Plaintiff sustained and from which he continues to suffer.

58. Plaintiff suffered damages as a result of the injury inflicted by the Defendant Officers.

## COUNT IV

*Gross Negligence*

59. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

60. Defendant Officers owed a duty of care to Plaintiff to follow the proper police policies, procedures, and techniques, and to act as reasonable police officers under the same circumstances to ensure the Plaintiff's safety.

61. Defendant Officers breached this duty by failing to exercise even slight care, and acted in a manner consistent with wanton or reckless disregard for the life and safety of Plaintiff.

62. Defendants' breach of duty was so egregious that it rises to the level of gross negligence and supports an award of punitive damages.

63. Said breach of duty by all Defendants was the actual and proximate cause of the injuries sustained by Plaintiff.

64. Plaintiff suffered damages as a result of the breach by all Defendants.

## COUNT V

*Abuse of Process*

65. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

66. After seizing the Plaintiff, the Defendant Officers arrested him and instituted criminal judicial proceedings against him in which he was charged with obstructing

governmental operations in violation of KRS 519.020, menacing in violation of KRS 508.020, and disorderly conduct in violation of KRS 525.060.

67. The Defendant Officers knew at the time that they instituted the criminal judicial proceeding that they lacked probable cause to substantiate the above referenced charges.

68. The Defendant Officers instituted the criminal judicial proceedings for an ulterior motive.

69. The Defendant Officers' ulterior motives for instituting the criminal judicial proceedings were (1) to excuse and cover up their unlawful search and seizure of the Plaintiff and use of force against him; and (2) to secure leverage against him with which to intimidate, coerce, threaten, or compel him not to challenge their conduct.

70. The Defendant Officers committed willful acts in the institution of the criminal judicial proceedings that were not proper in the regular conduct of the proceeding.

71. The Defendant Officers' willful acts were (1) abusing their police powers by instituting criminal charges based upon false factual accusations against the Plaintiff; (2) abusing their police powers by instituting criminal charges when they knew they lacked probable cause to assert; (3) instituting criminal charges for purposes for which they were not intended (i.e. covering up and excusing their prior unlawful conduct and securing leverage against the Plaintiff to prevent him from challenging their conduct); and (4) pursuing, in concert with others, the false criminal charges against the Plaintiff, including providing false testimony against him, while simultaneously offering to dismiss the charges against him in exchange for a judicial admission from the Plaintiff that would have jeopardized the Plaintiff's civil claims against them.

72. The aforementioned conduct was a form of coercion intended to obtain a collateral advantage not properly involved in the proceeding itself, using the institution of the proceeding as a threat or club.

73. Plaintiff suffered damages as a result of the aforementioned conduct.

## COUNT VI

*State Law Malicious Prosecution*

74. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

75. The Defendant Officers instituted or caused to be instituted against the Plaintiff criminal charges of obstructing governmental operations in violation of KRS 519.020, menacing in violation of KRS 508.020, and disorderly conduct in violation of KRS 525.060.

76. The Defendant Officers instituted and pursued the charges against the Plaintiff with malice.

77. The Defendant Officers lacked probable cause to substantiate the charges that they instituted or caused to be instituted.

78. Each of the charges were terminated in favor of the Plaintiff.

79. Plaintiff suffered damages as a result of the aforementioned conduct.

## COUNT VII

*42 U.S.C. §1983 Malicious Prosecution*

80. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

81. Criminal charges of obstructing governmental operations in violation of KRS 519.020, menacing in violation of KRS 508.020, and disorderly conduct in violation of KRS 525.060, were made against the Plaintiff and the Defendants made, influenced, or participated in the decision to prosecute.

82. There was a lack of probable cause for the criminal prosecution.

83. As a consequence of the criminal charges, the Plaintiff suffered a deprivation of liberty, including without limitation arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution.

84. The Defendants instituted and pursued the charges against the Plaintiff with malice.

85. The criminal charges were terminated in favor of the Plaintiff.

86. Plaintiff suffered damages as a result of the aforementioned conduct.

87. As a direct and proximate cause of the negligent and intentional acts of the Defendants, Plaintiff suffered a deprivation of his constitutional and statutory rights guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. § 1983, and suffered damages.

## COUNT VIII

42 U.S.C. § 1983 *Violation of Plaintiff's Right to Free Speech*

88. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

89. The Officer Defendants, acting under color of law, seized, detained, arrested, charged, and prosecuted the Plaintiff in retaliation for the Plaintiff protesting their conduct and allegedly yelling at them after they pulled him out of his own home and got into a fight with his brother.

90. The freedom to express disagreement with state action and verbally oppose or challenge police action without risking arrest, even if such opposition or challenge is disrespectful, is a fundamental protection of the First Amendment and, according to the United

States Supreme Court, "is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill,* 482 U.S. 451, 462-63 (1987).

91. The Officer Defendants conduct infringed upon the Plaintiff's exercise of free speech, sought to punish him for exercising his fundamental constitutional rights, deprived him of his right to free speech in his own home, and violated the First and Fourteenth Amendments to the United States Constitution.

92. As a direct and proximate cause of the acts of the Officer Defendants, the Plaintiff suffered a deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

93. As a direct and proximate cause of the foregoing violations, the Plaintiff suffered actual and consequential damages, deprivation of liberty, indignity, arrest, detention, physical confinement, booking, arraignment, transportation while under arrest, loss of civil rights, compulsion, and criminal prosecution, mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

## **DAMAGES**

94. The Plaintiff incorporates by reference all prior paragraphs as if restated herein.

95. Plaintiff's physical, mental and emotional anguish and pain and suffering were unnecessary and preventable. Plaintiff is entitled to recover for the wanton and unnecessary pain and suffering he endured. Defendants' violations of Plaintiff's constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for Plaintiff's rights, entitling him to recover actual and compensatory damages, punitive damages and attorney's fees from Defendants in order to deter such conduct in the future.

WHEREFORE, the Plaintiff, Alexander S. Williams, respectfully demands as follows:

A.	Judgment against the Defendants, in a sum reasonably calculated to compensate the Plaintiff for his injuries and damages, including, but not limited to, recovery for physical, mental and emotional distress, and reimbursement for legal fees in prosecuting this case as a result of the Defendants' actions, pre- and post- judgment interest, costs, attorneys' fees;

B.	Punitive damages;

C.	Trial by jury;

D.	For any and all other relief the Court may deem appropriate.

Respectfully submitted,

*/s/ Adrian Mendiondo*
ADRIAN MENDIONDO
Morgan & Morgan, Kentucky PLLC
333 W. Vine St., Suite 1200
Lexington, KY  40507
(859) 219-4529
amendiondo@forthepeople.com
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served a true copy thereof via CMECF on this the 10th day of March, 2017:

James E. McKiernan, III
Office of the Jefferson County Attorney
531 Court Place, Suite 900
Louisville, Kentucky 40202
*Counsel for Defendants*

*/s/ Adrian Mendiondo*
ADRIAN MENDIONDO